Harry LEWIS, et al., Plaintiffs,

v.

C.M. BERRY, et al., Defendants.

Harry LEWIS, et al., Plaintiffs,

v.

ARTHUR ANDERSEN & CO., Defendant.

No. C83–771R.

United States District Court, W.D. Washington.

Aug. 15, 1985.

ORDER DENYING IN PART
LEAVE TO AMEND

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion by class plaintiffs for leave to file a second amended consolidated complaint. The court has reviewed the materials submitted in support of and in opposition to this motion. In addition, the court is familiar with the relevant files and records.

This litigation is exceedingly complex and burdensome. It has been pending for three years. Massive discovery has been necessary, and counsel, in a commendable effort to achieve order and efficiency, have negotiated a rigid and demanding discovery schedule. According to this schedule, discovery now nears completion. The established trial date is less than a year away, and counsel anticipate that trial may consume months of court time.

Class plaintiffs move for leave to amend their complaint so as to accomplish certain "housekeeping" changes and to add claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 (1982) and § 102 of the Foreign Corrupt Practices Act of 1977 ("FCPA"), 15 U.S.C. § 78m(b)(2), (3) (1982).

The court believes that the addition of RICO and FCPA claims will necessitate new discovery, additional motions and a postponement of trial. The new claims would raise numerous new legal issues that defense counsel have not anticipated in their discovery. If the court allowed addition of the new claims, therefore, the court

could not deny defendants an opportunity to make additional discovery in order to support motions for dismissal or summary judgment. Defendants would have little time to prepare such motions and might require an extension of the motions deadline. Even if no extension were required, the multiplication of last-minute motions would inevitably lead to a postponement of trial.

In a case of this magnitude, adherence to discovery and trial schedules is an important priority. All parties in this case have cooperated in setting the schedules and have relied upon them and planned around them. To allow addition of the proposed RICO and FCPA claims at this time would be extremely prejudicial to all parties other than class plaintiffs.

Class plaintiffs explain that they seek to amend now because the Supreme Court has recently endorsed a liberal construction of RICO. *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The court finds this explanation unconvincing. Certain circuit courts have for some time expressed views similar to those expressed in *Sedima.* Moreover, the court has not noticed that the absence of a definitive ruling has inhibited the assertion of RICO claims by securities fraud plaintiffs.

The court in its discretion has determined that addition of the proposed RICO and FCPA claims would not be in the interest of justice.

IT IS NOW, THEREFORE, ORDERED as follows:

1. Class plaintiffs' motion for leave to file a second amended complaint is DENIED as to addition of RICO and FCPA claims.

2. Class plaintiffs' motion for leave to file a second amended complaint is GRANTED in all other respects.

The Clerk of the Court is directed to forward copies of this Order to counsel of record.